STATE OF IOWA, Appellee, v. A. W. CHAMBERLIN, Appellant.

INDICTMENT AND INFORMATION: Motion to Quash or Dismiss
1   —Noncitizenship of Grand Juror. He who moves to quash an indictment on the ground of the noncitizenship of a grand juror has the burden to establish such grounds. Evidence reviewed, and held insufficient.

GRAND JURY: Qualifications—Citizenship—Presumptions. Princi-
2   ple recognized that a strong presumption of citizenship arises from the fact that the party has voted, held office, or otherwise performed the functions and exercised the rights of citizenship. Evidence reviewed, and held insufficient to overcome the presumption.

CRIMINAL LAW: Appeal and Error—Review—Harmless Error—
3   Waiver. An accused may not, on appeal, complain that the court denied him the right to examine a witness at a certain period and on a certain point when such right was later accorded to him and he failed to avail himself of it.

*Appeal from Hamilton District Court.*—H. E. FRY, Judge.

MONDAY, JUNE 25, 1917.

DEFENDANT was convicted of the offense of maintain-

ing a liquor nuisance. From a judgment assessing a fine of $700, he appeals.—*Affirmed*.

*J. W. Lee* and *G. D. Thompson,* for appellant.

*H. M. Havner,* Attorney General, *H. H. Carter,* Assistant Attorney General, and *John E. Burnstedt,* for appellee.

STEVENS, J.—The defendant was convicted of the crime of maintaining a liquor nuisance. The evidence showed that he was a physician who had been for many years engaged in the practice of his profession in Hamilton County.

It appears from the evidence that, on the 22d day of December, 1915, the sheriff and his deputy went to the defendant's place of business with a search warrant, for the purpose of searching the premises for intoxicating liquor. The defendant made no objection to a search by the officers. A box containing 50 pint bottles, and some other vessels containing liquor, were found back of the prescription case and removed by the officers. The defendant at the time stated that the bottles contained brandy.

Numerous witnesses testified to having on various occasions purchased liquor of the defendant at the place of the seizure of the liquors.

Many objections were urged by appellant to the introduction of the State's testimony, and some exceptions taken to the court's instructions. The defendant was convicted by the jury, and the court assessed a fine against him for $700, for which amount judgment was entered.

I. Defendant was not held to answer and did not have an opportunity to challenge the grand jury. A motion was filed by him to quash the indictment upon the ground that one of the grand jurors returning the indictment was not a citizen of the United States.

1. INDICTMENT
AND INFORMA-
TION: motion to
quash or dis-
miss: nonciti-
zenship of
grand juror.

The motion was overruled by the court and proper exceptions taken to this ruling.

It is urged on behalf of appellee that his objection to the competency of the grand juror could not be raised after the indictment was returned, but, in view of our conclusion that the evidence was insufficient to show that the grand juror was not a qualified elector, it is unnecessary to pass upon this question. The motion to quash the indictment was accompanied by an affidavit signed by the defendant, which recited that John McCarley, the member of the grand jury referred to, was born in Ireland and had never been naturalized and was not a citizen of the United States. Upon being cross-examined, defendant stated that he had no personal knowledge of the matter, and the matters set out in the affidavit were all hearsay.

Another witness called on behalf of the defendant testified that he was present in court when the said John McCarley was called as a witness on the hearing of an application for naturalization, and that his testimony was rejected on the ground that it did not satisfactorily appear that he had been naturalized. The defendant also called the said McCarley as a witness, who testified that he was born in Ireland in 1872 and that he came to this country when 10 years of age; that he understood his father took out naturalization papers in 1884 at Joliet, Illinois; that, at the time, his father was working in the roller mills at that place, and that he remembered his father's going down town to take out his second papers; that all of the Scotch and Irish in the neighborhood were anxious to see Blaine elected president, and that his father took out his second papers in order that he might vote for Blaine.

The grand juror had always supposed that he was a citizen and voter. There is no question that, if his father became naturalized in 1884, the grand juror was also naturalized at the time the indictment was returned. The evi-

dence is wholly insufficient to show that his father was not naturalized at the time referred to. So far as the record in this case shows, his naturalization papers were issued in 1884, as claimed by the grand juror, and proper record made thereof. The only testimony relating to the absence of such record was hearsay and incompetent.

2. GRAND JURY: qualifications: citizenship: presumptions.

The evidence relied upon to overcome the presumption of citizenship that arises from the party's having voted, held office, or otherwise performed the functions and exercised the rights of citizenship, must be clear and satisfactory. *Torre v. Jeannin,* (Miss.) 25 So. 860.

The burden was on defendant to show that the grand juror was not a qualified elector. *State v. Haynes,* 54 Iowa 109; *Keenan v. State,* 8 Wis. 132; *Moore v. Wilson's Administrators,* 10 Yerger (Tenn.) 406.

The best evidence of the naturalization of an alien would have been the original papers or certified copies of the record thereof. It is not shown by competent evidence that no record exists of the naturalization of the father of the grand juror. In the absence of a certified copy of the record, or of competent testimony that no such record exists, secondary evidence would not be admissible. The grand juror could, of course, testify to the place of his birth and that he had never taken out naturalization papers, but he had always supposed he was naturalized by the naturalizing of his father, and the evidence does not show that the father was not naturalized at the time in question.

The motion to quash the indictment was properly overruled.

3. CRIMINAL LAW: appeal and error: review: harmless error: waiver.

II. While the county attorney was examining the sheriff in chief, defendant's attorney requested the privilege of cross-examining him, presumably upon the question of the legality of the search warrant under

which the search of the defendant's place was had. No statement was made by counsel as to why he desired to cross-examine the defendant, except the inference from the language of the objection to the testimony that counsel probably claimed that the search warrant was illegal and wrongfully obtained.

The court, in ruling, stated that it made no difference whether the warrant was illegal or not, and counsel was at that time denied the privilege of cross-examining the witness. After the witness was turned over to defendant's counsel for cross-examination, no questions were asked concerning the writ or the legality or regularity thereof. Neither did defendant offer to prove that there was irregularity or illegality in the procuring of the writ. The warrant was offered in evidence, but the record fails to show any evidence in any way tending to show that the warrant was not in all respects regular and valid.

III.   It is claimed on behalf of appellant that the county attorney was guilty of misconduct in the examination of some of the witnesses. In so far as the county attorney sought to offer improper testimony, the same was excluded by the court upon the defendant's objections, and, while the court permitted the county attorney to ask leading questions of some of the witnesses, it does not appear that its discretion was in any way abused.

IV.   Appellant also complains of the refusal of the court to give certain requested instructions, and predicates error upon the giving of certain instructions by the court upon its own motion. The instructions requested by appellant were properly refused by the court. The exceptions to the instructions are indefinite, and do not point out the grounds thereof specifically and with reasonable exactness, except as to the fifth and ninth instructions. We have, however, examined the instructions separately

and as a whole. There is no merit in the exceptions taken to the third and fifth instructions.

The court, in Instruction Nine, stated that, if the evidence showed beyond a reasonable doubt that the defendant had made a sale of intoxicating liquors, a presumption would arise that the sale was illegal, but that, if the jury had a reasonable doubt as to the illegality of the sale, then the presumption would be overcome, and it would not be warranted in finding that the sale was illegal. This instruction is evidently based upon Section 2427 of the Code.

While the defendant was a physician, and entitled to keep intoxicating liquors for use in his practice, yet this did not give the right to keep liquors for sale and engage in that kind of traffic.

V. Objections were made by counsel to many rulings of the court upon offers of testimony, and of the overruling of defendant's motion for a new trial, but same are without merit, or, if erroneous, without prejudice to the defendant.

We have examined the record with care, and are convinced that the defendant had a fair trial, and that the judgment of the court should not be interfered with.—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.